IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. | CIVIL ACTION NO. 4:05CV33LN |
| IKE BROWN, Individually and in his official capacities as Chairman of Noxubee County Democratic Executive Committee and Superintendent of Democratic Primary Elections; NOXUBEE COUNTY DEMOCRATIC EXECUTIVE COMMITTEE; CARL MICKENS, Individually and in his official capacities as Circuit Clerk of Noxubee County, Superintendent of Elections, Administrator of Absentee Ballots, and Registrar of Voters; NOXUBEE COUNTY ELECTION COMMISSION and NOXUBEE COUNTY, MISSISSIPPI | DEFENDANTS |

## ORDER

This matter came before the court on the Motion for Reconsideration filed by the Defendants in this matter, by which they seek to vacate the Order entered on January 25, 2006, awarding costs to the Plaintiff in the amount of $500.00 for the Defendants' failure to submit pre-discovery disclosures. The award was made as a result of the court's partially granting the Plaintiff's Motion for Sanctions that was filed on August 16, 2005, to which the Defendants did not respond. The basis for the Motion for Reconsideration is the Defendants' contention that they were unaware that a Motion for Sanctions had been filed. They also argue that, after the initial good faith conference on this issue and the execution of the Certificate of Good Faith, but prior to the filing of the Motion, initial disclosures were served on the Plaintiff.

The Defendants oppose reconsideration, providing the court with a copy of the Notice of Electronic Filing, which indicates that the Motion and supporting Memorandum of Authorities were

electronically transmitted to counsel for the Defendants. The Plaintiff also argues that the disclosures provided by the Defendants were inadequate. The Defendants have not rebutted these arguments.

As this court has stated on many occasions, only three reasons justify a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990); *see also Williams v. Mississippi Action for Progress, Inc.*, 824 F. Supp. 621, 623-24 (S.D. Miss. 1993); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D.Miss. 1993); *Currie v. Baxter, Brown & Co.*, 145 F.R.D. 66, 67 (S.D. Miss. 1992). Having reviewed the parties' pleadings on this issue, the court is not persuaded that the Defendants have provided a reason to reconsider its earlier decision on this matter. Therefore, the Motion will be denied. The Plaintiff's request for sanctions for responding to this Motion will likewise be denied.

IT IS, THEREFORE, ORDERED that the Defendants' Motion for Reconsideration is hereby **denied.** The Plaintiff's request for sanctions is also denied.

IT IS SO ORDERED, this the 23rd day of March, 2006.

S/John M. Roper  
UNITED STATES MAGISTRATE JUDGE
