UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                                      CIVIL ACTION NO. 4:05CV33LR

IKE BROWN, INDIVIDUALLY, AND IN HIS
OFFICIAL CAPACITIES AS CHAIRMAN OF
NOXUBEE COUNTY DEMOCRATIC EXECUTIVE
COMMITTEE AND SUPERINTENDENT OF DEMOCRATIC
PRIMARY ELECTIONS; NOXUBEE COUNTY EXECUTIVE
COMMITTEE; CARL MICKENS, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITIES AS THE CIRCUIT
CLERK OF NOXUBEE COUNTY, SUPERINTENDENT OF
ELECTIONS, ADMINISTRATOR OF ABSENTEE BALLOTS
AND REGISTRAR OF VOTERS; THE NOXUBEE COUNTY
ELECTION COMMISSION; NOXUBEE COUNTY,
MISSISSIPPI; AND THOSE ACTING IN CONCERT          DEFENDANTS

## ORDER

This cause is before the court on the motion of plaintiff United States of America for default judgment, and the separate motions of defendants Ike Brown and the Noxubee County Executive Committee and defendant Noxubee County Election Commission to set aside clerk's entry of default and to allow the filing of an out-of-time answer to the government's amended complaint. The court, having considered the motions, concludes that the motions to set aside the clerk's entry of default will be granted, and that the government's motion for default judgment will be denied.

Defendants acknowledge they have failed to timely answer the amended complaint filed in this cause by the government on August

16, 2005. In the court's opinion, however, this failure was an oversight, and does not warrant entry of a default judgment. The Fifth Circuit has advised that default judgments are "'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (quoting Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir. 1984)). "[W]here there are no intervening equities [,] any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." Lacy, 227 F.3d at 292 (internal quotations omitted). Here, despite their failure to file an answer to the government's amended complaint, defendants have continuously been actively defending the case from the beginning, and allowing the case to go forward would not prejudice the government in the least.

Accordingly, it is ordered that the government's motion for default judgment is denied; defendants' motions to set aside entry of default are granted; and defendants' motion for leave to file their answers out-of-time is granted so that defendants shall file their answer to the amended complaint in this cause on or before Monday, August 1.

SO ORDERED this 20th day of July, 2006.

_____
UNITED STATES DISTRICT JUDGE