IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| VS. | CIVIL ACTION NO. 4:05CV33LN |
| IKE BROWN, Individually and in his official capacities as Chairman of Noxubee County Democratic Executive Committee and Superintendent of Democratic Primary Elections; NOXUBEE COUNTY DEMOCRATIC EXECUTIVE COMMITTEE; CARL MICKENS, Individually and in his official capacities as Circuit Clerk of Noxubee County, Superintendent of Elections, Administrator of Absentee Ballots, and Registrar of Voters; NOXUBEE COUNTY ELECTION COMMISSION and NOXUBEE COUNTY, MISSISSIPPI | DEFENDANTS |

## ORDER

This matter came before the court on the Plaintiff's Motion to Deem Facts Admitted and to Strike Defendant Ike Brown's and the Noxubee County Democratic Executive Committee's Responses to Requests for Admission. The docket reflects that the Plaintiff served the Requests for Admission on May 11, 2006,[1] making the responses due on or before June 14, 2006. Discovery ended on June 16, and the parties agree that responses were not served until June 20, 2006. The Plaintiff contends that the responses should be stricken as untimely. Alternatively, it argues that certain responses should be deemed admitted because their denial for lack of knowledge does not contain a statement that reasonable inquiry was made. The Plaintiff further asserts that Requests

---

[1] The Requests, which were addressed to Defendants Brown and the Noxubee County Democratic Executive Committee, numbered 107. The Case Management Plan Order previously entered in this case allowed 40 Requests for Admission. However, the Defendants have not raised this issue in defending the Motion, and have therefore waived it.

should be deemed admitted where the asserted lack of knowledge is said to be a denial, or where the responses fail in some other way to comply with Rule 36.

With regard to the Plaintiff's contention that the requests should be admitted as untimely, the court disagrees. The test for determining whether to permit late responses to requests for admissions is whether the requesting party would be prejudiced by their admission, and whether admission would work a disservice upon the presentation of truth at trial. *In re Guardian Trust Co.*, 260 B.R. 404, 411 (S. D. Miss. 2000). In that case, Judge Wingate quoted from the Advisory Notes to Rule 36 by noting that the Rule "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." *Id*.

Here, the court is presented with responses that were served only four working days late. While the court understands that the responses were served after discovery had closed, timely service would have given the Government only two days to conduct further discovery based upon the responses. The Government argues that it could have noticed and taken depositions of third party newspaper reporters during that time, or served discovery requests on them. That argument is unpersuasive. The court's prior experience with subpoenas to reporters convinces it that they are vigorously contested, and it is unlikely in any event that the court would have compelled a reporter to appear for a deposition with only two days' notice. Furthermore, discovery requests are improper on third parties, and Unif. Local R. 26.1(B)(2) requires that discovery be served sufficiently in advance of the discovery deadline so as to permit responses prior to the discovery deadline. The Defendants would be severely prejudiced by deeming that these Requests, which go to the heart of the Plaintiff's case, were admitted. Under these circumstances, the Plaintiff is not greatly prejudiced

by denying the Motion and requiring amended responses.  For all of these reasons, the Plaintiff's argument that the Defendants' responses to its Requests for Admission be stricken as untimely is unavailing, and the court will not strike the responses for that reason.

Several of the responses to the Requests were as follows, "Defendant is without sufficient information to either admit or deny said request and therefore same as denied." Fed. R. Civ. P. 36(a) states, "An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny."  Therefore, the Plaintiff is correct in asserting that these responses do not conform to Rule 36.  In such an instance, Rule 36 gives the court the option to either deem the matter admitted or to order that an amended answer be served.  In this instance, the court takes the latter approach.  Rather than assume that these responses indicate that reasonable inquiry was made, the court will require amended responses that comply with Rule 36.  Those responses shall be required by a specific date, and the court will entertain a subsequent motion for sanctions if they are not timely served.

Other Requests for Admission contained compound requests; e.g., "On August 5, 2003, the day of the Democratic primary election, you were transported in a Noxubee County Sheriff's patrol car to the Shaqulak polling location by a uniformed Noxubee County Deputy Sheriff **and** then you both entered into the polling location. [emphasis added]" An argument could have been made that these types of Requests were not the "succinct questions" required by the CMPO, but the Defendants did not raise this issue.  Instead, in answering these types of Requests, the Defendants would typically deny "the first part" and claim lack of knowledge as to "the second part."  These Responses

3

are likewise non-compliant and should be amended to reflect which specific statements are admitted and which are denied, or about which the Defendants lack sufficient knowledge to form a response.

Finally, there are Requests that ask the Defendants to admit or deny that they did certain things, such as soliciting money for paying notary fees, to which the Defendants responded that they lacked sufficient information to admit or deny the Request.  The court is as confounded as the Plaintiff as to why the Defendants would not have specific knowledge of what they have done.  In formulating their amended responses, therefore, the Defendants should re-visit their responses to these Requests for Admission and acknowledge that they either committed the acts described, did not commit the acts described, or cannot remember whether they committed the acts described.  If they are confused about the language of the requests, then their responses should reflect that and specify why the terminology used is troublesome.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Deem Facts Admitted and to Strike Defendant Ike Brown's and the Noxubee County Democratic Executive Committee's Responses to Requests for Admission is hereby **denied.**  The Defendants shall serve amended responses to the Requests for Admission on or before August 14, 2006.

IT IS SO ORDERED, this the 2nd day of August, 2006.

                                                     S/John M. Roper
                                       UNITED STATES MAGISTRATE JUDGE