```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                                CIVIL ACTION NO. 4:05CV33TSL-LRA

IKE BROWN, NOXUBEE COUNTY
DEMOCRATIC EXECUTIVE COMMITTEE;
NOXUBEE COUNTY ELECTION COMMISSION                         DEFENDANTS

## ORDER

There having been entered in this cause on June 30, 2007 an opinion finding that defendants Ike Brown and members of the Noxubee County Democratic Executive Committee have violated Section 2 of the Voting Rights Act, this cause is now before the court for consideration of appropriate remedial relief. Based on the court's findings in support of its ruling on the liability issue, and based also on evidence presented at two evidentiary hearings on the remedy issue, the court orders as follows:

   1. Defendants Ike Brown and the Noxubee County Democratic Executive Committee, their agents, employees, contractors, successors, and all other persons representing the interests of these defendants, are permanently enjoined from:

   (a) imposing any "voting qualification or prerequisite to voting" or applying any "standard, practice, or procedure . . . in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, 42 U.S.C. § 1973(a); or

   (b) maintaining an electoral system or election-related infrastructure which, based upon the totality of the

>circumstances, is "not equally open to participation by members of a class of citizens . . . in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice," 42 U.S.C. § 1973(b).

2. The terms of this Order shall apply to all federal, state and local Democratic primary elections. In the event that defendants enter into an election services contract with any other entity, political subdivision, or political party to conduct an election on behalf of that entity, defendants shall provide copies of this agreement and require such other entity to agree to abide by the terms of this Order as if such entity were a party to this action. Consistent with such a responsibility, each such entity shall be required to comply fully with the Voting Rights Act.

**<u>Responsibilities of the Referee-Administrator</u>**

3. The court hereby appoints Reuben Anderson to serve as the Superintendent of Elections for all Democratic Primary and Democratic runoff elections through November 20, 2011. Should a court proceeding or election challenge to a Democratic Primary or runoff result in the holding of a special election, the Referee-Administrator shall also administer such election.

4. In serving as the Superintendent of Elections, all electoral duties of the Chairman of the Noxubee County Democratic Executive Committee and the Noxubee County Democratic Executive Committee shall be executed by the Referee-Administrator, with

advice and assistance from the Noxubee County Democratic Executive Committee as he deems appropriate.[1]  These duties, which would otherwise be undertaken by the NDEC Chairman, include, but are not limited to, the following: certification of candidates, appointment of poll officials, assignment of poll officials to the various voting precincts, distribution of regular ballots and ballot boxes containing absentee ballots, supervision of polling locations and poll officials, and certification of election results.[2]

---

[1] Whereas defendants have suggested that the person appointed by this court to serve as Referee should serve merely as an observer, and should have no authority over the electoral process, the court is convinced that to prevent a recurrence of past transgressions by NDEC Chairman Brown in the conduct of Democratic primary elections, the person appointed by the court must be given broad authority to act in the place and stead of Mr. Brown, rather than simply authority to observe and report.

[2] The Government has moved the court to enjoin from participation in administering Democratic primary elections all persons who have been members of the NDEC since 2003.  It has requested, alternatively, that the court, in the event it were not inclined to order injunctive relief as to all NDEC members, should at least include certain NDEC members, as to whom proof of wrongdoing was presented at trial, within the coverage of this Order.  These certain members include Carrie Kate Windham, Terry Grassaree, Dorothy Clanton McCoy, Gary Naylor, Ethel May and Billie Dickson.  Having considered the Government's request, and the NDEC's objection thereto, the court has determined that neither the NDEC, nor any member thereof, should necessarily be foreclosed from fulfilling the duties of the members of that body.  Rather, the court authorizes the Referee-Administrator to delegate to the NDEC, and to accept such advice and input from the NDEC and its members, as he considers advisable.  The Referee-Administrator shall in this manner have final authority and responsibility as to each of the identified duties.

3

5.  The Referee-Administrator shall be vested with power to appoint poll managers and workers who he deems suitable to conduct poll activities, and to seek and recruit members of all races, and shall not discriminate on the basis of race.  In appointing such poll managers and poll workers, the Referee-Administrator may consider whether any prospective worker or manager has participated in notarizing or collecting absentee ballots and consider whether such activities would negatively bear on such person's impartiality.

6.  The circuit court clerk shall continue to be the administrator of absentee ballots in Noxubee County elections pursuant to Mississippi law and the terms of the February 17, 2005 consent decree in this case.  The Referee-Administrator shall have full access to the Circuit Clerk's office and have the authority to veto any policy or procedure of the Circuit Clerk in the event that the Referee-Administrator and the Circuit Clerk materially differ concerning what constitutes the lawful administration of absentee ballots.

7.  In the event of an election contest for any local office, the Referee-Administrator shall preside over the hearing of the contest.  Should the Referee-Administrator be of the opinion that any action by the NDEC in connection with such a contest is racially motivated, he should immediately so advise the court of his opinion, and the basis therefor.

8.  The Referee-Administrator shall perform his or her duties objectively and may not exercise powers beyond those delegated by the court.  When conducting hearings and investigations, he may not consider matters that go beyond superintending compliance with this court's decree.

9.  The Referee-Administrator shall be required to submit a public filing to this court after each election, detailing actions taken in furtherance of his powers.

10.  The defendants shall not interfere or attempt to interfere in any way with the responsibilities of the Referee-Administrator.

**Review of Ballots and Challenges to Ballots**

11.  Statutorily authorized poll watchers and candidates shall "have the right to reasonably view and inspect the ballots when they are taken from the box and counted." Miss. Code Ann. § 23-15-581.  Poll managers shall allow challengers to view the counting of the ballots from a "suitable position" and allow them to "carefully inspect the manner" in which the election is conducted.  Miss. Code Ann. § 23-15-577.  Candidates and their poll watchers "shall be allowed to challenge the qualifications of any person offering to vote, and [their] challenge shall be considered and acted upon by the managers" in accordance with Mississippi state law.  Id.   All statutorily authorized

5

challengers shall be allowed to challenge any absentee ballot, including those ballots voted in the Circuit Clerk's office.[3]

12. After the close of the polls, while poll managers are reviewing absentee ballots and absentee ballots are being challenged, poll managers shall refer all questions related to their duties to the Referee-Administrator or his chosen agent. Poll managers are enjoined from contacting or receiving communication from defendant Brown or anyone communicating on behalf of defendant Brown at any time regarding the review of the absentee ballots.

13. Throughout the time period in which ballots are reviewed or tabulated, the poll managers and officials appointed by the Referee-Administrator shall continue to exercise statutory discretionary authority to accept or reject challenges to voters and/or ballots under Mississippi law. No individual other than the designated poll managers and officials may decide or review challenges to the qualifications of a voter or an absentee ballot.

14. After the close of the voting precincts and the delivery of the ballots to the tabulation center, the Referee-Administrator shall supervise the counting of the ballots at the tabulation

---

[3] Defendants claim to have interpreted a decision of the Mississippi Supreme Court to mean that an error made at the circuit clerk's office could not be held against the voter and that notwithstanding any error, those ballots must be counted. To the court's knowledge, defendants have not identified the case upon which they rely in this regard, and the court is not aware of a decision so holding.

6

center.  The Referee-Administrator shall appoint the officials at the tabulation center to review and tabulate the ballots delivered from the polling places.

### **Poll Official Training**

15.   Poll officials shall be trained, and their training shall include distribution of the court's remedial Order in this case, the distribution of the most recent version of the Mississippi Secretary of State's County Election Handbook, and training as to the contents of the aforementioned Order and Handbook.

16.   Poll official training shall be conducted by the Referee-Administrator or his designee.

### **Voter Assistance**

17.   Voters who require "assistance to vote by reason of blindness, disability, or inability to read or write may be given assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union," 42 U.S.C. § 1973aa-6; however, in accordance with Mississippi law, no one may impose assistance on any such voter unless that voter independently goes to a poll manager, requests assistance, and is provided an opportunity to choose his or her assistor.  See Miss. Code Ann. § 23-15-549; O'Neal v. Simpson, 350 So. 2d 998, 1009 (Miss. 1977).  In no event may poll

officials allow any person to enter and/or remain in a polling place and individually assume the role of assistor.

18.  No person shall be allowed by poll officials, during the course of assistance, either to suggest verbally or nonverbally the candidate or proposition for which the voter should vote; nor may any assistor be allowed to manually mark or otherwise make a selection on the voter's ballot unless the voter is physically unable to mark the ballot himself or herself.  In any case, the assistor shall be required by poll managers to communicate to the voter each candidate or proposition on the ballot and then wait for the voter to respond by indicating his or her own choice.

19.  If it is brought to the attention of any poll official or employee of the Circuit Clerk's office that an assistor is not conducting assistance in the aforementioned manner and the official witnesses the inappropriate assistance, he or she shall immediately intervene and order the assistor to conduct the assistance as required under these provisions.  In the event that the assistor persists in giving the inappropriate assistance, the official shall immediately contact the Referee-Administrator and request that the assistor be removed from the polling place or the Circuit Clerk's office.

Limitation on Defendant Brown's Involvement in Elections

20.  Defendant Brown may not participate in any action which involves encouraging or assisting others in fraudulently

notarizing or collecting absentee applications or ballots in a Democratic primary or runoff election.

22. Defendant Brown may not be present in the Circuit Clerk's office two weeks prior to any primary election except for matters pertaining solely to him or his immediate family.

23. Defendant Brown may not be present in the polling places unless he is voting, has been appointed as a poll watcher for a candidate, or the Referee-Administrator has appointed him to work as a poll official. At no time before, during, or after an election may defendant Brown give any written or oral instructions or make any suggestions to poll officials regarding their duties as poll officials, even if asked by poll officials for instructions or suggestions.

**Retention of Documents and Reporting Requirements**

24. For the duration of this Order, the defendants, including the Circuit Clerk, shall make and maintain legible, written records of all actions taken pursuant to this Order and shall produce such records to the United States or the Referee-Administrator upon request. Moreover, defendants shall preserve, in an orderly fashion, all election-related records for a period of at least two years after each election.

25. Should the defendants receive any election-related complaints, within twenty-one days of receiving the complaint they shall provide a written record of the complaint, including the

original document, and any actions taken in response thereto, to the United States and the Referee-Administrator.

### **Federal Observers**

26.  The appointment of federal observers shall be authorized for Noxubee County pursuant to Section 3(a) of the Voting Rights Act, 42 U.S.C. § 1973a(a), as long as this Order is in effect.

27.  Defendants shall recognize the authority of federal observers to observe all aspects of voting conducted in the polls on Election Day, including the authority to view assistance to voters during voting, except where the voter objects.

28.  Federal observers shall be allowed to ask the voter whether he or she would be willing to allow the observer to watch the assistance at a close enough proximity to observe the marking of the ballot so as to insure that the voter's wishes are being followed.  In no case shall a poll official attempt to interfere, either verbally or nonverbally, with the observer's inquiry or observation.  In the event that the voter declines to allow the observer to watch the marking of the ballot, the observer should be allowed stand at a close enough proximity from the voter that the observer may see and hear verbal and non-verbal exchanges between the voter and the assistor.

29.  Federal observers shall be allowed to move throughout the polling place so as to maintain an adequate vantage point from which they may observe all aspects of voting.

30.  If a poll official attempts to interfere with the lawful work of a federal observer, the observer shall report the incident to an attorney for the United States.  The attorney shall then report the incident to the Referee-Administrator, and the Referee-Administrator shall admonish the poll official and, if the behavior persists, the Referee-Administrator shall remove the poll official from his or her position and replace the official with an alternate poll official.

### **Responsibilities Regarding the September 18, 2007 Runoff**

31.  In light of the court's injunction of the August 28, 2007 Democratic Primary runoff election until September 18, 2007, voters shall have the opportunity to cast their absentee ballots in the runoff twenty-one days prior to the election.

### **Other Curative Remedies**

32.  Defendants and their agents shall not knowingly recruit or encourage ineligible candidates to run for office until those candidates satisfy state law requirements.

33.  To the degree that defendants or their agents enforce state law limitations on electioneering and campaigning, they shall enforce the limitations against all candidates and voters equally.

34.  Defendants and their agents shall not enforce any party loyalty requirements in a racially discriminatory manner.

35.  Defendants and their agents shall not encourage voters to vote under false names.

36.  The circuit court clerk shall not expend funds, including on postage, to aid notaries in procuring the return of completed absentee ballots.

**Other Provisions[4]**

37.  In the event that any party receives information indicating that the provisions of this Order may have been breached, the party shall be able to take depositions for the purpose of investigating whether the defendants have failed to comply with this Order.  In these circumstances, the defendants shall be allowed to seek a motion to quash deposition subpoenas.

38.  Should defendants engage in willful and wanton violations of this Order, it may result in the imposition of a contempt finding and subsequent commission to jail.  Each party should bear its own costs.

---

[4] The Government has requested that the court order the Noxubee County Election Commission to immediately purge the voter roll.  While it is manifest that this should be done, and that it is the responsibility of the Election Commission under state law to see that it is done, this court declines to order that it be done.  The court did observe in its opinion on liability that the failure to purge the voter roll increases the potential for fraud, and that is surely true; however, there has been no affirmative showing that the failure to purge the voter roll has resulted in fraud.

39.  This Order shall be served on each defendant, including the individual members of the defendant NDEC and defendant Election Commission with the filing of proof of service with the federal clerk of court.

40.  This Order shall be final and binding between the parties and their successors in office regarding the claims raised in this action, except that, for good cause, the parties shall be allowed to seek modification of this Order during its pendency. This Order shall remain in effect through November 20, 2011.  The court shall retain jurisdiction of this case to enter further relief or such other orders as may be necessary for the effectuation of the terms of this agreement and to ensure compliance with the Voting Rights Act.

SO ORDERED this 27th day of August, 2007.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE